IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY L. DALE, | § | |
| | § | No. 399, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1306017883 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: January 23, 2026
Decided: April 6, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    Anthony Dale appeals the Superior Court's denial of his motion for sentence modification. Having carefully reviewed the parties' arguments, we affirm the Superior Court's judgment.

(2)    In February 2014, a Superior Court jury convicted Dale of possession of a firearm by a person prohibited ("PFBPP"), carrying a concealed deadly weapon ("CCDW"), and possession of ammunition by a person prohibited ("PABPP"). The Superior Court sentenced Dale as follows: for PFBPP, eight years of incarceration, suspended after three years for five years of Level IV supervision, suspended after

six months for two years of Level III probation with GPS monitoring; for CCDW, eight years of incarceration, suspended after one year for two years of Level III probation; and for PABPP, eight years of incarceration, suspended for one year of Level III probation. Dale appealed but later voluntarily dismissed his appeal.

(3) In September 2017, Dale moved for the reduction of his sentence under Superior Court Criminal Rule 35(b). The Superior Court denied the motion, finding that the motion was time-barred, Dale's sentence remained appropriate for the reasons stated at sentencing, and no extraordinary circumstances justified a sentence reduction. Dale did not appeal.

(4) In 2021, in an unrelated case, a Superior Court jury found Dale guilty of two counts of first-degree murder and one count of attempted first-degree murder (the "2021 Murder Convictions"). On April 11, 2022, the Superior Court sentenced Dale to three life sentences for the 2021 Murder Convictions. This Court affirmed the 2021 Murder Convictions on direct appeal.[1]

(5) In May 2025, Dale filed another Rule 35(b) motion in this case, seeking the modification or reduction of the partial confinement portion of his sentence. In support of his motion, Dale argued that the partial confinement portion of his sentence is superfluous in light of the 2021 Murder Convictions and cited statutory amendments capping the probationary period for a violent crime at two years. The

---

[1] *Dale v. State*, 2023 WL 4628801 (Del. July 19, 2023).

Superior Court denied Dale's motion, finding that it was time-barred and otherwise without merit. This appeal followed.

(6) We review a Superior Court's denial of a motion for sentence modification for an abuse of discretion.[2] Generally, the Superior Court may consider a motion for modification filed more than ninety days after the defendant's sentencing only in extraordinary circumstances or under 11 *Del. C.* § 4217.[3] But the court may reduce the term or conditions of partial confinement or probation at any time.[4] The Superior Court cannot, however, consider repetitive requests for modification.[5] A motion is "repetitive" if it is preceded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments.[6]

(7) On appeal, Dale argues that the Superior Court improperly concluded that his motion was untimely and that extraordinary circumstances justify the modification of his sentence. We agree with Dale that the Superior Court erroneously denied his motion as time-barred. As noted above, the Superior Court may reduce the term or conditions of partial confinement at any time. We nevertheless affirm the Superior Court's denial of Dale's motion for sentence modification on the independent and alternative basis that it was an impermissible

---

[2] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[3] Del. Super. Ct. Crim. R. 35(b).
[4] *Id.*
[5] *Id.*; *Culp*, 152 A.3d at 144.
[6] *Culp*, 152 A.3d at 144.

repetitive Rule 35(b) motion.[7]  Dale's 2025 Rule 35(b) motion was his second. "Rule 35(b) does not set forth any exception to the repetitive motion bar…. [and i]gnoring Rule 35(b)'s command that the court 'not consider repetitive requests for reduction of sentence' [is] an abuse of discretion."[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[7] *See Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a lower court's judgment on the basis of a different rationale than that which was articulated by the trial court).

[8] *Culp*, 152 A.3d at 144-45.